UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES STUBBLEFIELD,

        Petitioner,        Case Number: 04-73421

v.        HONORABLE GERALD E. ROSEN

DOUG VASBINDER,

        Respondent.
_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Charles Stubblefield has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Cotton Correctional Facility in Jackson, Michigan, challenges his second-degree criminal sexual conduct conviction. For the reasons set forth below, the Court denies the petition.

### I. Facts

Petitioner's conviction arises out of allegations of sexual contact with a four-year old girl, Katelyn. Katelyn testified that Petitioner, who was dating her grandmother, abused her on April 5, 1999. The Michigan Court of Appeals summarized her testimony as follows:

> [T]he victim testified that defendant took off all of his clothes except his shirt and then disrobed the victim until she was left wearing only a shirt. Defendant sat the victim on this penis and slid her up and down on his penis while her legs were apart. During this time, defendant's penis touched the victim's private parts. Additionally, defendant wanted the victim to put his

penis in her mouth but after she refused he put a dildo in her mouth so far that it made her choke. Defendant, then naked, chased the victim through the house. Thereafter, defendant made the victim watch a pornographic movie.

People v. Stubblefield, No. 228544, slip op. at 2, n.3 (Mich. Ct. App. March 19, 2002).

Petitioner testified in his own defense. He denied inappropriately touching Katelyn.

## II.  Procedural History

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of one count of criminal sexual conduct. On June 8, 2000, he was sentenced to five to fifteen years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I.   The trial court's failure to instruct on the lesser included offense was reversible error.
>
> II.  Defendant's conviction of [second-degree criminal sexual conduct] should be reversed when the prosecutor failed to present sufficient evidence to the trier of fact.
>
> III. The trial court's sentence constituted an abuse of discretion when the sentence violated the principle of proportionality.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. People v. Stubblefield, No. 228544 (Mich. Ct. App. March 19, 2002).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan

Supreme Court denied leave to appeal. People v. Stubblefield, No. 121351 (Mich. Oct. 16, 2003).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the claims presented in state court.

### III.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).  Additionally, this court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d

---

[1]   28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas

167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ

---

corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

> simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

With this standard in mind, the court proceeds to the merits of the petition for a writ of habeas corpus.

## IV.  Analysis

### A.  Lesser Included Offense Instruction

Petitioner claims that the trial court erred when it failed to instruct the jury on the offense of fourth-degree criminal sexual conduct, a cognate lesser included offense of second-degree criminal sexual conduct.

While the failure to instruct on a lesser included offense can constitute constitutional error in a capital case, Beck v. Alabama, 447 U.S. 625, 638 (1980), the Supreme Court has specifically declined to decide whether such a requirement applies in non-capital cases. Id., n.14. Habeas relief may only be granted where a state court's decision is "contrary to or involved an unreasonable application of clearly established Federal law." 28 US.C. § 2254(d). Petitioner cannot show that the state court's decision denying a fourth-degree criminal sexual conduct instruction was contrary to or an unreasonable application of Supreme Court precedent where Supreme Court precedent does not require a cognate lesser included offense instruction in non-capital cases. Moreover, at the time of Petitioner's trial, Michigan courts were not obligated to give

lesser offense instructions on cognate offenses unless warranted by the evidence. People v. Cheeks, 216 Mich. App,. 470, 479-80 (1996). A person is guilty of second-degree criminal sexual conduct if the person engages in sexual conduct with another person and if that other person is under 13 years of age. Mich. Comp. Laws § 750.520c. A person is guilty of fourth-degree criminal sexual conduct if the person engages in sexual contact with another person by force or coercion or in situations where he or she has reason to know that the victim is mentally defective, mentally incapacitated, or physically helpless. Mich. Comp. Laws § 750.520e. Where there is no evidence to support the finding that a victim was 13 years or age or older, a fourth-degree criminal sexual conduct instruction is not appropriate as a lesser included offense of second-degree criminal sexual conduct. People v. Favors, 121 Mich. App. 98, 111 (Mich. Ct. App. 1983). Therefore, a fourth-degree criminal sexual conduct instruction was not warranted under Michigan law.

### B. Sufficiency of the Evidence

In his second claim for habeas corpus relief, Petitioner argues that insufficient evidence was presented to support his conviction.

In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the Jackson standard was contrary

to or an unreasonable application of Supreme Court precedent. In making this determination, this Court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); West v. Seabold, 73 F.3d 81, 83 (6th Cir. 1996), *cert. denied*, 116 S. Ct. 2569 (1996).

The last state court to issue a reasoned opinion regarding Petitioner's sufficiency of the evidence claim, the Michigan Court of Appeals, stated, in relevant part:

> Defendant next argues that there was insufficient evidence to support his conviction. . . . To determine whether sufficient evidence has been presented to sustain a conviction, this Court must view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have concluded that the essential elements of the crime were proven beyond a reasonable doubt. People v. Nowack, 462 Mich. 392, 399-400; 614 N.W.2d 78 (2000). Because the standard of review is deferential, we are required to draw all reasonable inferences in support of the jury verdict. Id. at 400. "Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of a crime." People v. Nelson, 234 Mich. App. 454, 459; 594 N.W.2d 114 (1999).
>
> A conviction under M.C.L. 750.520c(a) requires proof beyond a reasonable doubt that sexual contact occurred, . . . and that the victim was under the age of thirteen. To prove sexual contact, the prosecutor must prove that the contact "can reasonably be construed as being for the purpose of sexual arousal and gratification." Id. at 76. In the instant case, we are satisfied that a rational trier of fact could have concluded that the elements of CSC II were proven beyond a reasonable doubt. First, the evidence was uncontradicted that the victim was four years old at the time of the incident. Second, the victim testified that defendant engaged in sexual contact with her. The credibility of the victim's testimony was a matter for the jury to decide. . . . Moreover, a reasonable inference can be drawn from the record evidence that defendant touched the victim for the purpose of sexual gratification or arousal.[]

Stubblefield, slip op. at 2.

The Court finds this well-reasoned disposition of Petitioner's sufficiency of the evidence claim was neither contrary to nor or an unreasonable application of clearly established federal law.  The Court of Appeals described the facts in light of the elements of the crime and explained and supported its conclusion that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt.  Petitioner has not presented any new evidence to show that the state court's findings of fact were erroneous.  The jury reasonably could have found the victim's testimony credible and Petitioner's not.  "[T]he assessment of the credibility of witnesses is generally beyond the scope of review" in a federal habeas corpus proceeding.  Schlup v. Delo, 513 U.S. 298, 330 (1995).  Therefore, according the state court's factual findings a presumption of correctness, *see* 28 U.S.C. § 2254(e)(1), this Court concludes that the state court of appeals' decision that all of the elements of the crime were satisfied did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Petitioner is not entitled to federal habeas relief with respect to this claim.

### C. Sentencing Claim

In his final claim for habeas corpus relief, Petitioner challenges the constitutionality of his sentence. He claims that the imposition of a sentence of five to fifteen years imprisonment is grossly disproportionate in light of the nature of the offense and the offender. The sentencing guidelines recommended a minimum sentence from zero to seventeen months imprisonment.

There exists no constitutional right to strict proportionality in sentencing. Harmelin v. Michigan, 501 U.S. 957 (1997). However, the Eighth Amendment prohibits "extreme sentences that are grossly disproportionate to the crime." Id. at 995. The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment'." United States v. Organek, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also* United States v. Williams, 15 F.3d 1356, 1364 (6th Cir. 1994) (holding that, generally, a sentence within statutory limitations does not violate the Eighth Amendment); Hutto v. Davis, 454 U.S. 370, 374 (1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare") (internal quotations omitted).

Under Michigan law, the maximum sentence for second-degree criminal sexual conduct is fifteen years imprisonment. Mich. Comp Laws § 750.520c. Therefore, Petitioner was sentenced within the statutory maximum. Accordingly, given the nature of the offense and the fact that Petitioner was sentenced within the statutory maximum, this

Court finds that Petitioner's sentence does not offend the Eighth Amendment and he is therefore not entitled to habeas corpus relief with respect to this claim.

### V.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Immediate Consideration is **DENIED AS MOOT**.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: October 31, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2005, by electronic and/or ordinary mail.

s/V. Sims for LaShawn R. Saulsberry
Case Manager